IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>GILBERT GEORGE WALKS, JR.,<br><br>Defendant/Movant. | Cause No. CR 10-087-BLG-SPW<br>CV 14-119-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On September 8, 2014, Defendant/Movant Gilbert George Walks, Jr., filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Walks is a federal prisoner proceeding pro se.

Walks pled guilty to one count of sexual abuse, a violation of 18 U.S.C. § 2242(2)(B), and one count of being a felon in possession of ammunition, a violation of 18 U.S.C. § 922(g). On October 19, 2011, Walks was sentenced to serve 180 months in prison, to be followed by a life term of supervised release. Judgment (Doc. 42) at 1-3.

Walks now contends that his life term of supervised release is unlawful. He also objects to Special Condition No. 2, which provides:

> The defendant shall not be allowed to do the following without prior written approval of United States Probation: reside in the home, residence, or be in the company of any child under the age of 18; go to or loiter near school yards, parks, playgrounds, arcades, or other

1

places primarily used by children under the age of 18; or date or socialize with anybody who has children under the age of 18.

Judgment at 4. *See generally* Mot. § 2255 (Doc. 44) at 2-5.

Special Condition No. 2 is identical to the condition at issue in *United States v. Wolf Child*, 699 F.3d 1082 (9th Cir. 2012). Wolf Child was 22 years old at the time of the offense, had minor children, had not committed any previous offense against children, committed the offense of conviction against a 16-year-old girl who was not a family member, and had no demonstrated history of associating with adults in order to gain access to their children. *See, e.g., Wolf Child*, 699 F.3d at 1092-95, 1101.

Walks' case is very different. Special Condition No. 2 fits his case like a glove. Although Walks has children, they are no longer minors. Presentence Report ¶¶ 102-103. He was 48 years old at the time of sentencing and about 47 years old when he committed the instant offense. Walks preyed on two teenage girls on multiple occasions. Although Walks claimed the girls were over 18 years old, one of them believed she was 17 years old at the time. He once gave one of the girls rum that "tasted weird, really ugly." He posed the girls and photographed them in sexually explicit positions while they were passed out or so intoxicated they had no recollection of events. He redressed them in white thigh-high nylons and high heels before photographing them. The girls he victimized were his sons' girlfriends and were living in Walks' house; his sons played no role in the offense.

Walks had sex with one of the girls and photographed himself doing so. He said he did not have sex with the other girl, because he probably would have awakened his son, who slept next to her. Offer of Proof (Doc. 28) at 4-5; Presentence Report ¶¶ 14-54.

When Walks committed the instant offense, he was on supervised release for a previous sex offense. Presentence Report ¶ 95. In 2003,[1] Walks was convicted of sexually abusing his adopted daughter, who was biologically his sister's daughter. He penetrated her digitally and placed his penis in her mouth. His abuse persisted over a period of years, beginning when she was 8 or 9 years old and continuing until she was about 10 years old. While on supervised release for that offense, contrary to his conditions, he was observed in the company of a 14-year-old female friend of one of his sons. He was rejected from his sex offender treatment program. During an unannounced home visit by the supervising probation officer, Walks was found in possession of pornographic DVDs, again in violation of his conditions. He complied with electronic monitoring with GPS capability, but that condition had to be imposed to ensure he could be held accountable if he again took up company with young girls. Presentence Report ¶¶ 92, 103. At the time of the instant offense, the victim of the prior offense was also living in Walks' house.

---

[1] When he committed the 2003 offense, Walks was on supervised release for taking bald eagles. While that offense is obviously unrelated to his sex offenses, it is relevant to show his willingness to disregard the law.

3

*Id.* ¶ 103.

Following his commission of the instant offense, an evaluator concluded:

> ... Mr. Walks does not present as an individual who is terribly uncomfortable with his current level of functioning or his history of sexual offense conduct. He experiences his symptoms as egosyntonic. This phenomenon becomes a very difficult issue for treatment. The absence of internal discomfort regarding behavior generally indicates that efforts at treatment will be disingenuous.
>
> Sex offender treatment is not recommended for this individual. It is not likely that he will benefit substantially from treatment. Resources should be used to supervise him closely. Any violation of his supervised release or the law should result in swift consequences and incarceration. Regular substance abuse testing is encouraged. He should not live in a home with minors. At this point in his life, he has very little to offer minor aged children.

*Id.* ¶ 114 (last two paragraphs).

While it is true that Judge Shanstrom, who imposed sentence, did not specifically address the life term of supervised release or Special Condition No. 2, Walks did not have the same fundamental liberty interest at issue in *Wolf Child*, because the condition imposed did not infringe on his ability to be with his own children. Both parties at the sentencing hearing knew Walks' record and knew the Judge might impose a special condition that Walks have "[l]imited or no access to children under age 18." Presentence Report at 38. Moreover, "[i]f the instant offense of conviction is a sex offense ... the statutory maximum term of supervised release is recommended." U.S.S.G. § 5D1.2(b) (Policy Statement).

Walks is correct that counsel made no objection to the special condition or to

4

the life term. But presumably he did not object because both the condition and the term were so firmly supported by the record and the policy statement. Counsel's efforts were wisely and fruitfully directed at limiting Judge Shanstrom's sentence to the 180-month prison term the parties agreed to. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). At any rate, an objection was not likely to be sustained. *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005).

Finally, no issue under *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 420 (2012), is presented in this case, *see* Mot. § 2255 at 5-6, because no mandatory minimum sentence was imposed, and a life term of supervised release was authorized by 18 U.S.C. § 3583(k). Walks' "challenge" to the felon in possession of ammunition charge, *see* [Second] Mot. § 2255 (Doc. 48) at 6, is specious. The ammunition was found during execution of a search warrant in June 2010. Offer of Proof (Doc. 28) at 5. It was contraband.

Walks makes no showing that he was deprived of a constitutional right. Both a life term of supervised release and imposition of Special Condition No. 2 were supported by the specifics of Walks' offense conduct. Both were also supported by his prior conviction for a sex offense and by his prior failures to comply with the conditions of his supervised release, including his commission of the instant offense while still on supervised release for the prior sex offense. A certificate of appealability is not warranted. 28 U.S.C. § 2253(c)(2). No reasonable jurist would

find a reason to encourage further proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the sentencing hearing on October 19, 2011, is required to decide an issue presented by Walks. The United States shall immediately order the transcript of the hearing for the Court's file and one copy to be delivered to Gilbert Walks, #06880-046, USP Tucson, U.S. Penitentiary, P.O. Box 24550, Tucson, AZ 85734.

2. Walks' motions under 28 U.S.C. § 2255 (Docs. 44, 48, 50) are DENIED for lack of merit;

3. The motion for appointment of counsel (Doc. 48-1) is DENIED as moot.

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Walks files a Notice of Appeal;

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 14-119-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Walks.

DATED this 10th day of March, 2015.

Susan P. Watters
United States District Court