IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>GILBERT GEORGE WALKS, JR.,<br><br>Defendant/Movant. | Cause No. CR 10-87-BLG-SPW<br>CV 16-91-BLG-SPW<br><br>ORDER DISMISSING<br>§ 2255 MOTION AND DENYING<br>CERTIFICATE OF APPEALABILITY |

On June 20, 2016, the Court received from Defendant Walks a motion titled "Motion to Reduce Sentence." Walks is a federal prisoner proceeding pro se. He seeks relief under the rule of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided" by the simple expedient of filing something else. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). Thus, although Walks titled his motion a "motion to reduce sentence," he may only file under 28 U.S.C. § 2255. Therefore, his motion is recharacterized as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.

But Walks has already litigated one § 2255 motion to completion. *See* Mot.

1

§ 2255 (Docs. 44, 48, 50); Order (Doc. 51). Unless the Court of Appeals authorizes him to file another § 2255 motion, this Court lacks jurisdiction to hear one. 28 U.S.C. § 2255(h), 2244(b)(3); *Burton v. Stewart*, 547 U.S. 147, 149 (2007) (per curiam).

The Court has considered whether to transfer Walks' motion to the Court of Appeals to cure this Court's want of jurisdiction. *See* 28 U.S.C. § 1631. But transfer is not in the interests of justice, *id.*, because Walks is not entitled to relief under *Johnson*.

Walks pled guilty to one count of sexual abuse, a violation of 18 U.S.C. §§ 1153(a) and 2242(2)(B) (Count I), and one count of being a felon in possession of ammunition, a violation of 18 U.S.C. § 922(g)(1) (Count IV). Calculation of his advisory guideline range involved interpretation of the phrase "crime of violence." *See* U.S.S.G. § 2K2.1(a)(4)(A). The advisory guideline range for Count I did not depend on the interpretation of a residual clause like the one the *Johnson* Court declared unconstitutionally vague, and the adjusted offense level pertinent to that count was so much higher than the adjusted offense level for the felon in possession count that the felon in possession count had no effect on the total offense level. *See* Presentence Report ¶¶ 66, 76-82. No other part of Walks' conviction or sentence depended on interpretation of a residual clause. *Johnson* does not apply to Walks' case.

2

A certificate of appealability is not warranted. Walks has not made a showing that he was deprived of a constitutional right. Because *Johnson* is not implicated here, reasonable jurists would find no basis to encourage further proceedings. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Walks' motion to reduce the sentence (Doc. 55) is RECHARACTERIZED as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 and DISMISSED for lack of jurisdiction.

2. Transfer to the Court of Appeals is DENIED as contrary to the interests of justice.

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Walks files a Notice of Appeal;

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-91-BLG-SPW are terminated and shall close the civil file by entering judgment of dismissal.

DATED this 28th day of June, 2016.

Susan P. Watters
United States District Court